Suraj Prakash SHARMA; Swarn Bala Sharma, Petitioner,*

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71060.

Agency Nos. A71–628–649, A71–628–650.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.**

Decided Dec. 15, 2004.

---

* This court granted petitioners' son Rajeev's motion to remand in case No. 03–72832. The Clerk shall amend the docket to delete him from this petition.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, Barry J. Pettinato, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN and TROTT, Circuit Judges.

### MEMORANDUM***

Suraj Prakash Sharma and Swarn Bala Sharma, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an immigration judge's ("IJ") denial of their application for asylum and withholding of deportation. The petitioners also challenge the BIA's denial of relief pursuant to the Convention Against Tor-

ture ("CAT"). We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Because the BIA adopted the IJ's decision and gave reasons of its own, we review both decisions. *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). Reviewing for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), we deny the petition for review.

Substantial evidence supports the IJ's decision because, assuming Sharma established past persecution, a preponderance of the evidence nevertheless establishes that it would be reasonable for him to relocate in order to avoid future persecution. *See* 8 C.F.R. § 1208.13(b)(3). The IJ properly considered background material on India to determine that the petitioners could reasonably relocate. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003) (relying on a country report to determine the reasonableness of internal relocation).

By failing to qualify for asylum, the petitioners necessarily fail to satisfy the more stringent standard for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

The petitioners are not entitled to CAT relief because they did not show that it is more likely than not that they would be tortured if returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), the petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

### PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.